RECEIVED
IN ALEXANDRIA, LA
JUN - 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. CR93-10012-01 |
| VERSUS | |
| AARON B. WILLIAMS | JUDGE DEE D. DRELL MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a motion by Aaron B. Williams to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 on May 6, 2005, through adoption of the motion filed by Arthur Williams in February 2005[1] (Doc. Items 714, 716, 734). Williams previously filed a Section 2255 motion (Doc. Item 471) which was granted in part in 1996 (Doc. Item 515). Therefore, this current motion is Williams' second Section 2255 motion.

Section 2244(b)(2) states: "A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless- (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

---

[1] Aaron Williams' motion to adopt Arthur Williams Section 2255 motion has been granted (Doc. Item 716).

and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Section 2244 (b)(3)(A) then qualifies (b)(2) by adding, "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" (Emphasis added.) The requirement that the petitioner obtain authorization from the appellate court prior to filing in the district court is reinforced in (b)(4), which states, "(4) A district court shall dismiss any claim presented in a second or successive application *that the court of appeals has authorized to be filed* unless the applicant shows that the claim satisfies the requirements of this section." Thus, *after* the Court of Appeal authorizes the petitioner to file his petition in the district court, the district court may then consider whether the petition is second or successive and, if so, whether it meets an exception to the procedural bar to consideration of the merits as set forth in Section 2244(b)(2).

AEDPA[2] permits the filing of a successive petition when either "the applicant shows that the claim relies on a new rule of constitutional law ...," § 2244(b)(2)(A), or when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the petitioner

---

[2] Antiterrorism and Effect Death Penalty Act.

2

establishes prejudice in the absence of successive review, § 2244(b)(2)(B). Thus, congressional language distinguishes between the two paths by which a successive petition may be raised. Johnson v. Dretke, 442 F.3d 901, 907-908 (5th Cir. 2006) (court of appeals denied permission to file successive petition based on newly discovered evidence). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). 28 U.S.C. § 2244(b)(3)(C).

Before Petitioner files his application in the district court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B). To be successful, Williams' motion must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See §§ 2244(b)(2) and (b)(3)(C). Williams should attach the following documents to his § 2244(b)(3) motion:

(1) A copy of the proposed § 2255 motion for which he is requesting authorization to file in the district court;

(2) Copies of (a) all previous § 2255 motions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous § 2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a § 2255 motion or a § 2241 petition;

(3) All court opinions and orders disposing of the claims advanced in (2) above; and

(4) All magistrate judge's reports and recommendations issues in connection with claims advanced in (2), above.

If, after due diligence and through no fault of his own, Williams is unable to procure any of the documents described above, he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

The Fifth Circuit has not issued an order authorizing the district court to consider Williams' second petition for habeas relief.[3] The determinations of whether or not the petition is

---

[3] The courts look to pre-AEDPA abuse of the writ principles in determining whether a habeas petition is successive. Under the abuse-of-the-writ doctrine, a subsequent petition is second or successive when it raises a claim that was, or could have been, raised in an earlier petition. In accordance with the Fifth Circuit's strong policy against "piecemealing" claims, that court has long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission. Crone, 324 F.3d at 837, and cases cited therein. A prisoner's application is not second or successive simply because it follows an earlier federal petition. In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has held

successive pursuant to In re Cain and, if so, whether it meets a Section 2244 exception, cannot be made by this court until the Fifth Circuit authorizes this court to consider the petition.

Accordingly, it is recommended that Williams case be dismissed without prejudice. See In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (district court must also direct the Clerk of Court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeal).

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

---

that a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ. Crone v. Cockrell, 324 F.3d 833, 836-837 (5th Cir. 2003), citing In re Cain. Thus, under the abuse-of-the-writ doctrine, a subsequent petition is second or successive when it raises a claim that was, or could have been, raised in an earlier petition. In accordance with the Fifth Circuit's strong policy against "piecemealing" claims, that court has long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission. Crone, 324 F.3d at 837, and cases cited therein.

The court held in In re Cain that a state prisoner was not required to file motions in the Court of Appeals to file successive habeas corpus petitions because the petitions were not actually successive. The Fifth Circuit's decision in Cain turned on the fact that, in the second petition, Cain was contesting the administration of his sentence, and the fact that he was stripped of his good-time credits *after* he had filed his first habeas petition. See Crone, 324 F.3d 833, 837 (5th Cir. 2003)(explaining Cain).

In Crone, 324 F.3d at 838, the Fifth Circuit found the habeas petition was successive and an abuse of the writ because Crone was aware of the facts supporting the claims raised in his second petition at the time his first petition was pending. See also, In re Bagwell, 401 F.3d 312 (5th Cir. 2005).

5

Williams' petition be DISMISSED WITHOUT PREJUDICE for failure to obtain authorization from the Fifth Circuit prior to filing it in this court.

IT IS FURTHER RECOMMENDED that the Clerk of this court be directed to notify Williams (1) that he must file in the Fifth Circuit Court of Appeals a motion pursuant to Section 2244(b)(2) within 30 days from the date of the Clerk's notice, and (2) if he fails to file such a motion within that time, an order will be entered denying authorization.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 9th day of June, 2006.

                                        JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE