RECEIVED
IN ALEXANDRIA, LA.
OCT 13 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR93-10012-01 |
| VERSUS | |
| AARON B. WILLIAMS | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, etc., by Aaron Bruce Williams ("Williams") on June 23, 2009 (Doc. 788). Williams is contesting his 1993 convictions by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division, on five counts of distribution of cocaine for which he was sentenced to a total of 325 months imprisonment, four year supervised release, and a $100,000 fine.[1] See U.S. v. Williams, 49 F.3d 728 (1995).

Williams previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (444, 471, 476, 507)

---

[1] Williams was also convicted on one count of "structuring" under 31 U.S.C. 5324(3), but that conviction was later vacated (Docs. 343, 515).

which was granted in part in 1996 (Doc. 515),[2] a motion to alter or amend judgment pursuant to Rule 59(e)(Doc. 519) which was denied (Doc. 525), a "motion under newly discovered evidence" (Doc. 554) which was dismissed without prejudice (Doc. 556), a motion to alter or amend judgment pursuant to Rule 59(e) (Doc. 557) which was dismissed without prejudice (Doc. 558), a "motion of newly discovered evidence" (Doc. 558) which was dismissed without prejudice (Doc. 592), a motion to dismiss indictment (Doc. 604) which was denied (Doc. 646), a second Section 2255 motion (Doc. 734) which was denied in 2006 (Doc. 742), a motion for retroactive application of sentencing guidelines for crack cocaine offenses (Doc. 766) which is still pending before the district court, and a motion for cancellation of obligation to pay fine (Doc. 783) which was denied (Doc. 784). Williams filed the current Section 2241 petition on June 23, 2009.

Williams contends his procedural default is excused and he is entitled to relief pursuant to Section 2241 and the savings clause of Section 2255, a writ of error coram nobis under 28 U.S.C. § 1561(a), Federal Rule of Criminal Procedure rule 60(b) (miscarriage of justice), the Supreme Court's ruling in Dt. of Columbia v. Heller, ___U.S.___, 128 S.Ct. 2783 (U.S. 6/26/2008), and because the sentencing court inherently retains jurisdiction.

---

[2] On his first Section 2255 motion, the district court granted Williams' motion in part, vacating the structuring conviction (Doc. 515).

As grounds for relief, Williams alleges he is actually innocent of the 325 month sentence, he is actually innocent of the two criminal history points assigned, he is actually innocent of possessing 8.5 kg. of cocaine, he is actually innocent of the two point gun enhancement under a new Supreme Court case, he is actually innocent of the 4 point leadership role enhancement, and he is actually innocent of the $100,000 fine.

1.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. <u>Lee v. Wetzel</u>, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Western District of Louisiana.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. <u>Lee</u>, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called

"savings clause" in Section 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-

830, citing <u>Reyes-Requena v. United States</u>, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that is not prohibited by law. <u>Jeffers</u>, 253 F.3d at 830, citing <u>Reyes-Requena</u>, 243 F.3d at 903-904.

In the case at bar, Williams attempts to show that he meets the savings clause by establishing he is "actually innocent" of the two point guidelines enhancement for having firearms in his home when he was arrested (at home), pursuant to the Supreme Court's decision in <u>Dt. of Columbia v. Heller</u>, __U.S.__, 128 S.Ct. 2783 (2008). This is the only case cited by Williams for a "new rule."

In <u>Heller</u>, the court held that a person has a constitutionally protected right under the Second Amendment to possess firearms in the home for self defense, and held unconstitutional a District of Columbia law banning possession of handguns in the home. However, <u>Heller</u> does not establish a new rule of constitutional law; the court states that it relies on the traditional construction of the Second Amendment to find the District of Columbia law was unconstitutional. Moreover, even if <u>Heller</u> had established a new rule of constitutional law, the Supreme and, in fact in <u>Tyler v. Cain</u>, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases

on collateral review' unless the Supreme Court holds it to be retroactive." Since the Supreme Court has not held that <u>Heller</u> is retroactively applicable on collateral review, it would not be applicable to Williams' case.

It is noted, moreover, that the court in <u>Heller</u> further held that convicted felons do not fall within the protection of the Second Amendment and are prohibited from possessing firearms. Since Williams had prior felony convictions, Heller would not assist him. <u>Heller</u>, 128 S.Ct. at 2816-1817. Also, <u>Triplett v. Roy</u>, 326 Fed.Appx. 720 (5th Cir), cert. den., __S.Ct.__ (U.S. 10/5/2009); <u>U.S. v. Anderson</u>, 559 F.3d 349, 352 (5th Cir. 2009), cert. den., 129 S.Ct. 2814 (U.S. 2009); <u>U.S. v. Darrington</u>, 351 F.3d 632, 633-634 (5th Cir. 2003), cert. den., 541 U.S. 1080, 124 S.Ct. 2429 (2004). Finally, it is noted that Williams' had two submachine guns in his home-<u>Heller</u> also specifically excluded "dangerous and unusual weapons" from the protection of the Second Amendment. <u>Heller</u>, 128 S.Ct at 2817. Therefore, the court's holding in <u>Heller</u> does not assist Williams.

Williams has not shown that his claim falls within the savings clause of Section 2255. This ground for relief is meritless.

2.

Next, Williams argues his claim falls within the "miscarriage of justice" exception set forth in <u>Murray v. Carrier</u>, 477 U.S. 478, 496, 106 S.Ct. 2639 (1988). <u>Murray</u> was a state habeas case brought

6

pursuant to 28 U.S.C. § 2254. Because the scope of relief under § 2255 is consistent with that of the writ of habeas corpus, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996); United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319 (1992), Williams' argument falls within the context of a Section 2255 case.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A fundamental miscarriage of justice occurs only in a very narrow class of cases where a constitutional violation probably resulted in the conviction of an innocent person. McCleskey, 499 U.S. at 494, 111 S.Ct. at 1470.[3]

---

[3] To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503 (1998), citing Schlup, 513 U.S. at 324, 115 S.Ct. at 865. Although demanding in nature, the precise scope of the miscarriage of justice exception depends on the nature of the challenge brought by the habeas petitioner. If the petitioner asserts his actual innocence of the underlying crime, he must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. Calderon, 523 U.S. at 559, 118 S.Ct. at 1503), citing Schlup, 513 U.S. at 327, 115 S.Ct. at 867.
In order to be actually innocent of a noncapital sentence, the petitioner must show that but for the constitutional error he would not have been legally eligible for the sentence he received. Sones v. Hargett, 61 F.3d 410, 418 (5th Cir. 1995); Smith v. Collins, 977 F.2d 951, 959 (5th Cir. 1992), cert. den.,

As set forth above, this is not Williams' first Section 2255 motion. In order to file a second or successive Section 2255 motion, a petitioner must comply with 28 U.S.C. § 2244(b)(3)(A), which states, "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (Emphasis added.) The requirement that the petitioner obtain authorization from the appellate court prior to filing in the district court is reinforced in (b)(4), which states, "(4) A district court shall dismiss any claim presented in a second or successive application *that the court of appeals has authorized to be filed* unless the applicant shows that the claim satisfies the requirements of this section."[4] Thus, *after* the Court of Appeal authorizes the petitioner to file his petition in the district court, the district court may then

---

510 U.S. 829, 114 S.Ct. 97, 126 L.Ed.2d 64 (1993) (assuming the actual innocence exception is available in a noncapital sentencing case).

[4] To present a claim in a second or successive application, the petitioner must show the application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in the district court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B).

consider whether the petition is second or successive and, if so, whether it meets an exception to the procedural bar to consideration of the merits as set forth in Section 2244(b)(2).

Since Williams has not applied to the Fifth Circuit for permission to file a successive motion under 28 U.S.C. § 2255, this court does not have jurisdiction to review his "miscarriage of justice" claims pursuant to 28 U.S.C. § 2255.

3.

Next, Williams contends he is entitled to relief under 28 U.S.C. § 1651(a).

The writ of coram nobis, available pursuant to 28 U.S.C. § 1651(a), is used as an avenue of collateral attack when the petitioner has completed his sentence and is no longer "in custody" for purposes of seeking relief under either 28 U.S.C. §§ 2241 or 2255. The writ of coram nobis cannot be used as a substitute for appeal and should only be used to correct errors of the most fundamental character. U.S. v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998), citing U.S. v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954). The writ of coram nobis is available where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief. Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996). The writ will issue only to correct errors resulting in a complete miscarriage of

justice, and is appropriate only when (a) no other remedy is available and (b) when sound reasons exist for failure to seek appropriate earlier relief. Dyer, 136 F.3d at 422.

Williams is still serving his sentence and, therefore, cannot show that he is no longer in custody and that relief under either 28 U.S.C. §§ 2241 or 2255 is no longer available to him. Therefore, because he is still in custody, Williams cannot seek relief pursuant to a writ of coram nobis. See U.S. v. Esogbue, 357 F.3d 532, 535 (5th Cir. 2004).

4.

Williams also argues he is entitled to relief pursuant to Fed.R.Civ.P. rule 60(b).

Fed.R.Civ.P. rule 60(b) provides grounds for relief from a final judgment. Rule 60(c) states that a motion under Rule 60(b) must e made no more than a year after the entry of the judgment or order or the date of the proceeding. In this case, Williams' moves for relief from his criminal conviction and sentence. Rule 60(b) provides for relief only from judgments on civil actions, not criminal convictions. Federal courts may treat a purported Rule 60(b) motion as a motion to vacate filed pursuant to Section 2255 when the motion actually attacks the validity of the movant's conviction. U.S. v. Rich, 141 F.3d 550, 551-553 (5th Cir. 1998), cert. den., 526 U.S. 1011, 119 S.Ct. 1156 (1999). Also, Rule 60(b) motions seeking to amend or alter the judgment of a first habeas

proceeding should be construed as successive habeas petitions. Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002). Therefore, regardless of whether Williams' Rule 60(b) motion attacks his conviction and sentence or the judgments in his previous Section 2255 motions, his motion must be construed as a successive Section 22255 motion.

As previously discussed, Williams has not moved for and been granted certification to file a successive Section 2255 motion by the Fifth Circuit Court of Appeals. Therefore, this court does not have jurisdiction to consider Williams' motion.

5.

Finally, Williams contends the sentencing court retains the inherent jurisdiction to correct sentencing errors. That is simply not true at this point in time in this case (Williams' conviction and sentence became final in 1995), and Williams cites no authority for that proposition. Fed.R.Cr.P. rule 35 provides that a court has inherent jurisdiction to correct certain sentencing errors, but also requires that the sentencing court act within the time frame prescribed by the rule. A district court does not have inherent power to resentence defendants at any time. U.S. v. Blackwell, 81 F.3d 945, 948 (10th Cir. 1996), and cases cited therein. A district judge's jurisdiction to alter a sentence is limited to the provisions of 28 U.S.C. §2255, Rule 35, or express provisions of 18 U.S.C. §3582(c). If these avenues are not applicable, there is not

"inherent authority" to correct a perceived error in the application of the sentencing guidelines. U.S. v. Diaz-Clark, 292 F.3d 1310 (11th Cir. 2002); U.S. v. Benitez, 71 Fed.Appx. 441 (5th Cir. 2003). Also, U.S. v. Ross, 557 F.3d 237 (5th Cir. 2009); U.S. v. Lopez, 26 F.3d 512 (5th Cir. 1994). Williams' must bring his claims within the parameters of the statutorily defined avenues for relief, as he has attempted to do herein. As previously discussed, Williams may still apply for certification to file a successive motion to vacate under Section 2255.

This ground for relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Williams' Section 2241 petition for writ of habeas corpus (Doc. 788) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE